## NUTTING *v.* NUTTING.

Where by the terms of a conditional sale of oxen the vendee was to keep them without cost to the vendor, and return them in two years if not paid for, the vendor cannot maintain replevin for the cattle against a purchaser of the vendee's interest before the expiration of the two years.

REPLEVIN, for a yoke of oxen.   Facts found by the court.   May 5, 1881, the plaintiff, being the owner of the cattle, delivered them to one Mitchell upon an agreement that they should remain the plaintiff's property until Mitchell paid him $50 and interest annually, Mitchell to keep them without cost to the plaintiff, and return them to him in two years from date "if he does not pay the above amount."   April 29, 1883, Mitchell sold his interest in the cattle to the defendant.   May 3, 1883, the defendant took them into his possession, agreeing to pay the plaintiff what was due him from Mitchell.   May 5, 1883, the plaintiff demanded the cattle of the defendant, who refused to give them up, but offered an account he held against the plaintiff and $23 in money in payment of what was due on them, which offer the plaintiff refused, and on the same day commenced this suit and took the cattle on the writ.   The court held that the action was prematurely brought, and ordered judgment for the defendant.   The plaintiff excepted.

*J. L. Wilson,* for the plaintiff.

*Fling & Chase,* for the defendant.

CARPENTER, J.   By the terms of the contract it was at Mitchell's election to pay the plaintiff $50 and interest at any time within two years from the 5th day of May, 1881, or to return the steers at the end of that period.   Although the property in the steers remained in the plaintiff, Mitchell was entitled to their custody until the expiration of the 5th day of May, 1883.   G. L., *c.* 1,

*s.* 32; *Osgood* v. *Blake*, 21 N. H. 550; *Knowlton* v. *Tilton*, 38 N. H. 263; *Ricker* v. *Blanchard*, 45 N. H. 39.

The sale by Mitchell of his interest only in the steers was no wrong to the plaintiff, and did not terminate the bailment. The defendant by his purchase became entitled to hold them in the same manner as Mitchell held them. *Bailey* v. *Colby*, 34 N. H. 29; *McFarland* v. *Farmer*, 42 N. H. 391, 392.

*Exceptions overruled.*

Smith, J., did not sit: the others concurred.